UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ETHAN D. SMITH, and
JENNIFER L. DEES,

                                Plaintiffs,        DECISION AND ORDER

-vs-
                                                     25-CV-1265-MAV-CDH

MAE D'AGOSTINO, *et al.*,

                                Defendants.

_____

On December 9, 2025, the Court entered an order *sua sponte* dismissing Plaintiffs' complaint in this case with leave to amend in 30 days. ECF No. 179. The matter is now before the Court on Plaintiffs' motion for "reconsideration / vacatur" and "recusal / reassignment." ECF No. 184 ("motion for reconsideration"). Plaintiffs have also filed a motion for oral argument (ECF No. 186), and a motion for stay pending the resolution of these motions and Plaintiffs' mandamus petition currently pending before the Second Circuit (ECF No. 188).

For the reasons stated below, the Court declines to recuse itself from this matter, and Plaintiffs' motions for reconsideration (ECF No. 184), oral argument (ECF No. 186), and a stay (ECF No. 188) are denied. Plaintiffs may amend their complaint within 30 days after the date of filing of this order, or inform the Court by status letter that they forego the opportunity to amend.

## BACKGROUND

The Court assumes the reader's familiarity with the underlying facts and procedural history of this case, as it was more fully set forth in the Court's earlier

1

decisions. *See Smith v. D'Agostino*, No. 25-CV-1265-MAV-CDH, 2025 WL 3525935 (W.D.N.Y. Dec. 9, 2025) (dismissing Plaintiffs' complaint with leave to amend) ("December Order"); *see also Smith v. D'Agostino*, No. 25-CV-1265-MAV, 2025 WL 2695439, at *1 (N.D.N.Y. Sept. 22, 2025) (denying Plaintiffs' motion for a temporary restraining order) ("September Order"). In its December Order, the Court explained that Plaintiffs' complaint:

> alleges a conspiracy that involves "at its core . . . unlawful attorney appointments and void judicial orders, enforced by a network of at least four married couples – state judges, bar administrators, OCFs, clerks, and attorneys – creating a closed system where fraud is legitimized, retaliation is routine, and justice is for sale in a pay-to-play scheme." ECF No. 1 at p. 2.
>
> According to the complaint, Plaintiff Smith's ex-wife, Defendant Veronica Smith, initiated divorce proceedings against him in June 2020. ECF No. 1 ¶ 128. On August 3, 2020, Judge Paul Pelagalli, the "engineer of the racketeering scheme," initiated "the racketeering enterprise" when he appointed an attorney for the child. *Id.* ¶ 116. Plaintiffs claim that Judge Pelagalli's adjudication of the matrimonial proceedings "was not neutral adjudication but a calculated mechanism to preserve revenue for the system while protecting an abuser." *Id.* ¶ 120. For this and other actions between his appointment of the attorney for the child in 2020 and his assumption of the role of Clifton Park Town Attorney in January 2024, Plaintiffs allege Judge Pelagalli's conduct constituted mail and wire fraud, honest services fraud, extortion under color of law, obstruction of justice, retaliation against witnesses, and deprivation of rights under color of law. *Id.* ¶ 125.
>
> Plaintiff alleges that "[t]he enterprise operated through Saratoga Family and Supreme Court, Saratoga Springs City Court, county clerk offices, the AD3 [Appellate Division, Third Department], and into federal forums." *Id.* ¶ 161. Plaintiff claims that defendant judges and various other judicial employees in these courts and offices acted in concert to commit, attempt, and/or aid and abet multiple predicate racketeering acts, including wire fraud, obstruction of justice, witness tampering/retaliation, deprivation of rights under color of law, and RICO conspiracy. *Id.* ¶ 162.

*Smith II*, 2025 WL 3525935 at *1–2.

For the reasons outlined in the December Order, the Court found Plaintiffs' complaint to be frivolous both because Plaintiffs' factual allegations rose to the level of the irrational or the wholly incredible, and because the complaint lacked an arguable basis in law. *Smith*, 2025 WL 3525935 at *3. Accordingly, the Court dismissed the action *sua sponte*, but gave Plaintiffs leave to amend their complaint within 30 days.

On December 18, 2025, less than 10 days after the Court entered its Decision and Order, Plaintiffs filed the motion for reconsideration presently before the Court. ECF No. 184. The following day, Plaintiffs sought oral argument on the motion. ECF No. 186. On December 28, 2025, Plaintiffs filed a motion for a stay pending decision on the motions for reconsideration and the mandamus petition Plaintiffs filed with the Second Circuit.

## RECUSAL / REASSIGNMENT

Plaintiffs' motion for reconsideration also includes a request that the undersigned recuse herself, which is not their first request during the pendency of this case. As the Court noted in its September Order, Petitioners argued in September 2025 that the undersigned must be disqualified pursuant to 28 U.S.C. § 455(a) and (b)(3). ECF No. 15 at 2. The Court denied Plaintiffs' request at that time, finding that § 455(b)(3) was inapplicable, and that Plaintiffs' grounds for their request [1]

---

[1] In their earlier motion, Plaintiffs identified four reasons for seeking the undersigned's recusal: (1) that the undersigned previously served as a judge within the New York Unified Court System, "subject to the administrative oversight" of certain state court judges who are named in Plaintiffs' complaint, (2) that the undersigned was appointed to and served on the New York State Advisory Committee on

3

established no basis for disqualification under § 455(a). *Smith*, 2025 WL 2695439 at *2 (citing ECF No. 15 at 6–8).

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness – whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.), *cert. denied*, 555 U.S. 1038 (2008). "[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Gurvey v. Hochul*, No. 1:24-CV-00211 (AMN/PJE), 2025 WL 1532700, at *5 (N.D.N.Y. May 29, 2025) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)).

In the declaration accompanying their request for recusal in the instant motion, Plaintiffs present what they term to be "objective appearance-of-impartiality concerns under 28 U.S.C. § 455(a) arising from (a) structural and institutional overlap within the NDNY; (b) Judge Vacca's sworn representations to the US Senate during her confirmation proceedings; (c) documentary evidence cont[r]adicting those representations; and (d) Judge Vacca's documented professional proximity to

---

Judicial Ethics with named Defendants, (3) that the undersigned is active in the Asian American Judges Association of New York, "which publicly celebrated" the election of a Defendant judge, and (4) that while serving as a Monroe County Court Judge, the undersigned presided over a wholly unrelated criminal matter, in which a Defendant purportedly served as defense counsel. ECF No. 15 at 6–8.

4

Defendants Garry, Wilson, Zayas, Chaudhry, and Singh, among others." ECF No. 184-1 ¶ 2.

The Court has considered the foregoing "concerns" presented by Plaintiffs, including both the argument in their declaration and the supporting exhibits, and continues to find that there are no grounds for the undersigned's disqualification. Plaintiffs' request that the undersigned recuse herself is therefore denied.

### RECONSIDERATION / VACATUR AND ORAL ARGUMENT

Because Plaintiffs have filed this motion for reconsideration pro se, it has been liberally construed to raise the strongest arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). Nevertheless, even having liberally construed the arguments presented, the Court finds that the issues do not require oral argument, and that there is no merit in Plaintiffs' motion for reconsideration.

**I. Legal Standard**

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, and Rule 60.1 of the Local Rules of the Northern District of New York. As relevant here, Local Rule 60.1 provides that "[u]nless otherwise provided by the Court, by statute or rule . . . a party may file and serve a motion for reconsideration . . . no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree." L.R. 60.1. It further provides that "[t]he Court will decide motions for reconsideration . . . on submission of the papers, without oral argument, unless the Court directs otherwise." *Id.*

A movant faces a "strict" standard on a motion for reconsideration. *Grant v. Lockett*, 610 F. Supp. 3d 448, 450 (N.D.N.Y. 2022) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). As the Second Circuit has explained, "'[i]t is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "Thus, a prior ruling will only be reconsidered and vacated if: (1.) the law has changed since that ruling was first issued; (2.) new evidence not previously available comes to light; or (3.) reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice." *Grant*, 610 F. Supp. 3d at 450 (citing *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995); *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983)).

## II. Plaintiffs' Arguments

In addition to arguing that the Court should recuse itself under 28 U.S.C. § 455, Plaintiffs' motion for reconsideration presents several reasons why they believe the Court's December Order should be vacated: (1.) Plaintiffs' two prior, related cases confirm that the Defendants "cannot produce jurisdictional proof or lawful appointments," (2.) the Court's frivolousness ruling cannot be reconciled with Second Circuit precedent, (3.) the Court improperly "pre-award[ed] sweeping immunity to all defendants," (4.) the Court misread the doctrines of Younger abstention and Rooker

Feldman, and (5.) the Court misconstrued each cause of action. ECF No. 184. Having carefully reviewed Plaintiffs' voluminous papers related to these issues, the Court denies Plaintiffs' request for oral argument. ECF No. 186.

Plaintiffs' first argument – that two prior, related cases that they filed have demonstrated that Defendants cannot produce jurisdictional proof or lawful appointments – is simply a rehashing of arguments made in their complaint. *See, e.g.,* ECF No. 1 ¶ 118–19 (alleging Judge Pelagali made unlawful attorney appointments and issued "jurisdictionally void" orders); ECF No. 39 at 70–71 (alleging "invalid" and "unauthorized" appointments). Accordingly, the Court finds that it presents no basis for vacating the December Order.

Further, the Court disagrees with Plaintiff's second argument, i.e., that its frivolousness ruling cannot be squared with Second Circuit precedent, and that the Court failed to provide Plaintiffs with notice and an opportunity to be heard. *See* ECF No. 184 at 7–10. For one, after revisiting the Plaintiffs' complaint (ECF No. 1) and RICO Statement (ECF No. 39), the Court finds the allegations, as pled, "lack[ ] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Moreover, the Court notes that its order dismissing Plaintiffs' prior complaint provided them with notice of the deficiencies therein, and granted them an opportunity to amend the complaint to correct those deficiencies. In other words, the Court provided Plaintiffs with notice of its intent to dismiss their claims with prejudice if the deficiencies were not cured, and an opportunity to be heard through the filing of an amended complaint. *See, e.g., Murray v. New York*, No. 1:24-CV-08015-

GHW, 2025 WL 370886, at *6 (S.D.N.Y. Feb. 2, 2025) (observing that the Second Circuit noted in *Moroshkin v. Dietsche*, No. 22-487-CV, 2022 WL 16570779, at *1 (2d Cir. Nov. 1, 2022) (summary order) that being given leave to amend" provides a pro se plaintiff with the "opportunity to be heard").

The Court also finds Plaintiffs' third and fourth arguments to be unpersuasive. With respect to Plaintiffs' arguments regarding Rooker-Feldman and the Younger abstention, the Court expressly declined to make "a definitive ruling as to the application of either doctrine" because the substance and procedural posture of the various cases involving the challenged rulings were too ambiguous in the pleadings. *Smith*, 2025 WL 3525935 at *5. Similarly, with respect to Plaintiffs' argument regarding immunity of numerous Defendants, the Court found that considerations of immunity were "not dispositive due to the vague and conclusory nature of Plaintiffs' allegations." *Id.* Accordingly, while the Court continues to believe that the Rooker-Feldman and Younger abstention doctrines, and principles of immunity, present potentially profound problems to Plaintiffs' claims, even were the Courts' position on those issues to constitute legal error, dismissal of Plaintiffs' complaint is warranted on other grounds identified in the December Order.

Lastly, with respect to Plaintiffs' fifth argument, that the Court misconstrued each cause of action, Plaintiffs state that the Court "never meaningfully engag[ed] the RICO statement . . . . [which] supplies exactly the predicate-act particulars, dates, actors, and mail/wire uses" required to adequately plead their respective claims. ECF No. 184 at 18–19. To be sure, Rule 9.2 of the Local Rules of Civil Procedure in the

Northern District of New York provides that the Court shall construe a party's RICO statement as an amendment to the pleadings. Nevertheless, in the instant case, despite adding an additional 129 pages to the record, Plaintiff's complaint *and* RICO statement are still not sufficient to demonstrate an entitlement to relief.

The Supreme Court has articulated two working principles to aid the assessment as to whether, in compliance with Federal Rule of Civil Procedure 8(a)(2), a pleading contains a "short and plain statement of the claim showing that the pleader is entitled to relief." First, the Supreme Court made clear that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Second, only a complaint that states a plausible claim for relief survives . . . ." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 556). In that regard, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted).

Here, Plaintiffs' claims, even as augmented in their RICO statement, are alleged largely in terms of legal conclusions that the Court is not bound to accept as true. For instance, Question 5 of Plaintiffs' RICO statement provides the specifics for the ten[2] alleged predicate acts underlying their RICO claim. ECF No. 39 at 69–97.

---

[2] Plaintiffs allege two separate predicate acts as "No. 9." ECF No. 39 at 91, 94.

9

Predicate Act No. 1 – "Fraudulent Appointments & State Funded Billing Scheme" – alleges that at least four "illegal attorneys" "unlawfully inserted themselves" into Plaintiff's' matrimonial proceedings, and that at least two judges "issued unauthorized . . . appointments from the bench." *Id.* at 70–73. Predicate Act No. 2 – "Fraudulent Support and Tax Racketeering Scheme" – alleges that over a five-year period, several judges and state and local government agencies "repeatedly issued, transmitted, and enforced fraudulent garnishment notices, license suspension threats, and lien notifications," and that another Defendant "filed fraudulent federal and state tax returns . . . ." *Id.* at 73–75. Although Predicate Act No. 3 – Kidnapping / Custodial Interference / Retaliation – provides specific dates of two alleged kidnappings, the allegation itself is based upon the conclusory assertions that Plaintiff's rights as established in vaguely identified "custody orders" were violated, and at least two "protection orders" were invalid or unlawful. *Id.* at 76–78. Each of the other seven predicate acts contain similar assertions of legal conclusions. *Id.* at 79–96. In assessing whether a complaint complies with Fed. R. Civ. P. 8, the Court is not obliged to accept legal conclusions as true.

The remainder of Plaintiffs' fifth argument likewise fails to establish grounds for vacating the December Order. Thus, Plaintiffs' motion for reconsideration is denied.

## MOTION FOR STAY

While their motion for reconsideration was pending before the Court, Plaintiffs filed a motion seeking a stay "directing that the case remain in status quo posture" pending this Court's resolution of the motion for reconsideration *and* the Second

10

Circuit's disposition of Plaintiffs' pending mandamus proceeding. ECF No. 188. However, the motion for reconsideration, and the declaration accompanying the motion to stay both seem to indicate that were the Court to deny the motion for reconsideration, Plaintiffs seek "entry of a final appealable order/judgment so [that] Plaintiffs may obtain meaningful review." ECF Nos. 184 at 1, 188-2 ¶ 7. Thus, it is not clear to the Court whether Plaintiffs' motion for a stay is mooted by the denial of their motion for reconsideration.

In any event, the Court has considered Plaintiffs' analysis of the stay factors that courts must consider,[3] and finds that – in light of the Court's rulings in this and previous orders – Plaintiffs have neither demonstrated a likelihood of success in this action or presented "sufficiently serious questions going to the merits to make them a fair ground for litigation." ECF No. 188-1 at 12. Accordingly, Plaintiffs' motion for a stay (ECF No. 188) is denied.

## LEAVE TO AMEND

As the Court noted in its prior order, "the Second Circuit has stated that failure to provide notice and an opportunity to be heard prior to dismissal is a 'bad practice

---

[3] The Supreme Court has identified four factors courts must consider with respect to a motion for a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776) (1987)). As Plaintiffs point out, with respect to the likelihood of success factor, the Second Circuit has adopted a "flexible" standard which weighs the factor in favor of the stay applicant if he has demonstrated sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the applicant's favor. *See Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35–38 (2d Cir. 2010).

11

in numerous contexts' and 'reversible error' in others." *Smith*, 2025 WL 3525935 at *12 (quoting *Curcio v. Abrams*, No. 22-693, 2023 WL 31183, at *2 (2d Cir. Jan. 4, 2023)). Thus, the usual practice is to allow leave to replead a deficient complaint, especially where a complaint has been submitted pro se. *Id.* (citing *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994)).

As noted above, it appears that Plaintiffs would like to "stand on the operative pleading . . . and the RICO statement, and request entry of final judgment so review may be sought in higher courts." ECF No. 184 at 1. However, in order to ensure Plaintiffs an opportunity to be heard, the Court will allow Plaintiffs to file an amended complaint within 30 days after the date of filing of this Decision and Order to cure the deficiencies the Court has identified in the factual and legal bases for their claims. *See, e.g., Andrews v. Hall*, No. 22-1298, 2023 WL 309609 at *1 (2d Cir. Jan. 19, 2023) (summary order) ("[T]he district court satisfied this requirement by warning [plaintiff] that his claims were vulnerable to dismissal on [a stated] basis . . . and inviting his response."). If Plaintiffs do not wish to amend their complaint, they may notify the Court by filing a brief status letter and the Court will enter final judgment.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiffs' motion for reconsideration (ECF No. 184), motion for oral argument (ECF No. 186), and motion for stay (ECF No. 188) are DENIED; and it is further

ORDERED that Plaintiffs shall file an amended complaint within thirty (30) days after the date of filing of this Decision and Order. Plaintiffs are advised that an amended complaint is intended to completely replace the prior complaint in the action, and must be pled so as to stand alone as the sole complaint in this action that Defendants must answer. *Allen v. Erie Cnty. Med. Ctr. Corp.*, No. 25-CV-136 (JLS), 2025 WL 641299, at *4 (W.D.N.Y. Feb. 25, 2025); and it is further

ORDERED that if Plaintiffs fail to file an amended complaint, file a similarly frivolous amended complaint, or file a status letter notifying the Court of their intent to "stand on the operative pleading . . . and RICO statement," this action will be dismissed with prejudice.

SO ORDERED.

DATED: February 4, 2026
Rochester, New York

_____
HON. MEREDITH A. VACCA
United States District Judge